IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAWRENCE FEARON             *
        Plaintiff,
   v.                       *   CIVIL ACTION NO. AW-05-921

HAGERSTOWN TRUST CORPORATION   *
        Defendant.
                    ***

**MEMORANDUM**

I.    Procedural History

    Plaintiff, a Maryland Division of Correction inmate, filed this 28 U.S.C. § 1332 diversity complaint for damages alleging malicious prosecution.  He complains that Defendant, a corporation based in Pennsylvania, with bank branch offices throughout Western, Maryland, provided information to law enforcement that resulted in his arrest, indictment, and prosecution.   Plaintiff claims that the indictment was subsequently dismissed.

    On December 22, 2005, Defendant filed a Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment.  Paper No. 22.  Although afforded additional time to file an opposition, Plaintiff has not submitted any responsive pleadings.  The case is ready for this Court's consideration.  Oral hearing is unnecessary.  *See* Local Rule 105.6  (D. Md. 2004).

II.    Standard of Review

    A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997).  Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*

*v. Gibson*, 355 U.S. 41, 45-46 (1957).  The court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices.  *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the burden of showing that there is no genuine issue as to any material fact.  However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof.  *See Celotex*, 477 U.S. at 322-323.  Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

III.     Analysis

Plaintiff seemingly asserts a claim of malicious prosecution based upon Defendant's alleged involvement in reporting to the police certain transactions at a local Boonsboro, Maryland bank.  A federal court sitting in diversity must apply the choice-of-law rules from the forum state.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941).  For tort claims, Maryland adheres to the First Restatement of Conflict of Laws rule, lex loci delicti commissi, or the law of the place of the harm, to determine the applicable substantive law.  *See Naughton v. Bankier*, 114 Md.App. 641, 691 A.2d 712, 716 (1997).

The alleged place of harm in this instance is this district.  In Maryland, a plaintiff must show the following to establish the tort of malicious prosecution: (1) defendant instituted a criminal proceeding against the plaintiff; (2) the criminal proceeding was resolved in the plaintiff's favor; (3) defendant did not have probable cause to institute the proceeding; and (4) defendant acted with malice or a primary purpose other then bringing the plaintiff to justice. *see Okwa v. Harper*, 360 Md. 161, 183, 757 A.2d 118, 130 (2000).  Upon review of the materials, it is clear that Plaintiff has proved *none* of the essential elements of malicious prosecution.

It is not disputed that on March 12, 2002, Hagerstown Trust received a tip that certain individuals were involved in an active check forgery ring in Maryland.  Paper No. 22, Ex. A.  On March 13, 2002, a check was presented at the drive-through teller of Hagerstown Trust's Boonsboro Branch in the name of Ronald Singer, one of the suspected members of the check forgery ring. *Id*. Hagerstown Trust then contacted the Hagerstown, Maryland Police Department regarding the check presented in the name of Ronald Singer. *Id*.  The Hagerstown Police Department responded to the scene, stopped the vehicle, and questioned the individuals in the vehicle.  Plaintiff, the driver of the vehicle, was arrested by Hagerstown police based upon an outstanding warrant for his arrest. *Id*., Ex. B.  Hagerstown Trust cooperated with police during their investigation into Plaintiff's involvement in the fraudulent check ring and a Hagerstown Trust employee testified at Plaintiff's criminal trial. *Id*., Ex. A.  On February 23, 2003, Plaintiff was convicted of uttering a document with intent to defraud and attempted theft in the Circuit Court of Washington County. *Id*., Ex. B. He received two concurrent ten-year sentences. *Id*.

The record shows that Defendant did not provide police Plaintiff's name nor did it initiate criminal process against Plaintiff.  Further, all criminal charges filed against Plaintiff related to the

March 13, 2002, events at the Hagerstown Trust Boonsboro, Maryland branch were not resolved in his favor. He was convicted and sentenced to concurrent ten-year terms on uttering and attempted theft charges. Given these circumstances, Plaintiff's malicious prosecution claim is wholly without merit.

IV.     Conclusion

For the aforementioned reasons, Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment is hereby granted. Judgment is entered in favor of Defendant and against Plaintiff. A separate Order follows.


Date: February 23, 2006                  _____/s/_____
                                         Alexander Williams Jr.
                                         United States District Judge